**Pollock v. Feinstein**

*Michael Pomerantz,* for plaintiff.
*Matthew Heilman,* for defendants.

ALLEN, *J.,* March 28, 2006—

## PROCEDURAL HISTORY

Plaintiff commenced this action by writ of summons on September 7, 2005. The complaint was filed on Oc-

tober 31, 2005. On January 6, 2006, a praecipe for entry of judgment non pros was entered in favor of defendants Michael A. Feinstein M.D. and Timothy F. Shawal M.D.[1] and against plaintiff for failure to file a certificate of merit. On January 10, 2006, plaintiff filed a motion to strike entry of judgment non pros. A timely answer was filed. On February 6, 2006, the court denied plaintiff's motion. An appeal followed. A statement of matters complained of on appeal was requested and submitted. This opinion is in response to plaintiff's appeal.

## FACTS

Plaintiff alleges that on September 5, 2003, Feinstein performed a laparoscopic tubal ligation and IUD removal. According to the complaint, Feinstein failed to provide the plaintiff with material information, such as risks, consequences and alternatives, necessary for her to determine whether to proceed with the surgery. During the surgery, plaintiff received a laceration to her anterior abdominal wall.

## DISCUSSION

This court is confronted with the issue of whether a claim for lack of informed consent constitutes a deviation from "an acceptable professional standard" warranting the filing of a certificate of merit pursuant to the rules of civil procedure. Plaintiff asserts that a certificate of merit is not warranted in this instant matter; the defen-

---

1. While it is alleged that Feinstein performed the surgery, the plaintiff seeks to hold Shawal liable as a business partner. Complaint, ¶6.

dants assert otherwise. The statute, in relevant part, provides that:

"In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party . . . ." Pa. R.C.P. §1042.3.

## 1. *Informed Consent*

The doctrine of informed consent is grounded upon the theory that a physician is precluded from "administering to, or operating upon, a mentally competent adult patient in non-emergency situations without his consent." *Festa v. Greenberg,* 354 Pa. Super. 346, 350, 511 A.2d 1371, 1373 (1986). See also, 40 P.S. §1303.504.

### A. Prudent Patient Standard

Prior to 2002, Pennsylvania courts applied the prudent patient standard. Under this standard of care, it "is not what a reasonable medical practitioner would have done in the situation but whether the physician disclosed those risks which a reasonable man would have considered material to his decision whether or not to undergo treatment." *Id.*, 354 Pa. Super. at 353, 511 A.2d at 1375. All known risks need not be disclosed. *Foflygen v. Allegheny General Hospital,* 723 A.2d 705, 712 (Pa. Super. 1999) ("A physician or surgeon need not disclose all known information; however, the physician or surgeon is required to advise the patient of those material facts,

risks, complications, and alternatives to surgery that a reasonable person in the patient's situation would consider significant in deciding whether to have the operation"). (quotation marks and citations omitted)

Consent is valid if: "the physician disclosed all those facts, risks and alternatives that a reasonable man in the situation which the physician knew or should have known to be the plaintiff's, would deem significant in making a decision to undergo the recommended treatment . . .The physician is bound to disclose only those risks which a reasonable man would consider material to his decision whether or not to undergo treatment." *Cooper v. Roberts,* 220 Pa. Super. 260, 267-68, 286 A.2d 647, 650 (1971). Expert testimony was warranted only to establish: *"the existence of risks* in a specific medical procedure, *the existence of alternative methods of treatment and the existence of risks attendant with such alternatives."* *Festa,* 354 Pa. Super. 356, 511 A.2d at 1376. (emphasis in the original)

## B. Professional Standard

Under an alternate theory, the professional standard, "the physician's duty to disclose in a particular situation is restricted to the disclosure which the reasonable medical practitioner in the community would have made in a similar situation. The determinative factor is the standard of disclosure to which the medical community adheres for the recommended procedure." *Id.,* 354 Pa. Super. at 351, 511 A.2d at 1374. Consent existed when the physician disclosed facts, risks, complications and alternatives as required by the "community's standard

of disclosure," *Id.,* 354 Pa. Super. at 354-55, 511 A.2d 1375-76. (citations omitted)

## C. MCARE

These two standards were merged and codified under the Medical Care Availability and Reduction of Error (MCARE) Act at 40 P.S. §1303.504(b):

"Consent is informed if the patient has been given a description of a procedure . . . and the risks and alternatives that a reasonably prudent patient would require to make an informed decision as to that procedure. The physician shall be entitled to present evidence of the description of that procedure and those risks and alternatives that a physician acting in accordance with accepted medical standards of medical practice would provide."

Presumably under this statute, the medical provider is afforded an alternate defense not available under the prudent person standard. A medical provider complied with the consent requirements if he or she disclosed risks and alternatives in accordance with acceptable medical standards.

Hence, based on the above analysis, a claim of lack of informed consent falls within the boundaries of Pa. R.C.P. §1042.3(a). As such, a certificate of merit is required. Failing to provide one within the time allocated by the statute permits the entry of judgment of non pros pursuant to Pa.R.C.P. §1042.6(a):

"The prothonotary, on praecipe of the defendant, shall enter a judgment of non pros against the plaintiff for

failure to file a certificate of merit within the required time provided that there is no pending timely filed motion seeking to extend the time to file the certificate."

## CONCLUSION

Because a cause of action for lack of informed consent requires analysis of a professional standard and the deviation therefrom, a certificate of merit, is required, plaintiff's failure to file one permitted the entry of judgment non pros to stand. As such, the court's order of February 6, 2006 denying plaintiff's motion to strike should be affirmed.